[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2007
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-13495
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 04-00311-CR-01-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY J. ROBERSON,

Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------------

**(May 11, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jimmy Roberson appeals his 262-month sentence for

robbery, 18 U.S.C. § 1951, and use of a firearm during a crime of violence, 18

U.S.C. § 924(c). Roberson argues that he is 56 years old and suffers from mental

illness, which he claims impacted on his past and current criminal offenses; and he asserts that he should have received a sentence below his Guidelines range. No reversible error has been shown; we affirm.

We review Roberson's sentence imposed by the district court for reasonableness in the light of the factors set out at 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). "Review for reasonableness is deferential"; and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Roberson's sentence was reasonable. The district court sentenced him to the lowest point of his Guidelines range of 262 to 327 months'

imprisonment.[1]  See id. (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable").  And in sentencing Roberson, the district court noted the section 3553(a) factors and commented in particular on the nature and circumstances of Roberson's offense, his history and characteristics, the need for the sentence to reflect the seriousness of the offense and to afford adequate deterrence, and the need to protect the public and to provide Roberson with treatment.[2]  The district court was not required to discuss all of the section 3553(a) factors at the sentencing hearing.  See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors").  In addition, although the district court heard Roberson's arguments for a sentence below his Guidelines range, the district court concluded that the Guidelines range did not overrepresent Roberson's criminal history and that a sentence within the Guidelines range was appropriate.  Nothing in the record convinces us that Roberson's sentence was unreasonable in the light of the section 3553(a) factors.

---

[1]Roberson's Guidelines range was calculated pursuant to the career offender provisions of U.S.S.G. § 4B1.1(c).  Roberson's previous convictions included strong arm robbery, attempted strong arm robbery, and robbery.

[2]The district court recommended that Roberson be sent to a Bureau of Prisons mental health facility for service of his sentence.

AFFIRMED.